UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM T. LENZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.:  16cv1755-JLS (PCL)<br><br>**ORDER GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 3) |

　　Presently before the Court is Plaintiff William T. Lenz's Motion to Proceed *In Forma Pauperis* ("IFP"). (IFP Mot., ECF No. 3.)  Plaintiff has timely filed an action requesting that this Court review the Social Security Administration ("SSA")'s denial of benefits and award reasonable attorney fees under the Equal Access to Justice Act. (Compl. at 1–3, ECF No. 1.)

**IFP MOTION**

　　All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  A

1

federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff has submitted an affidavit indicating that his sole source of income is from food stamps in the amount of $191.00 a month. Plaintiff was last employed in 2008 at the Borrego Children's Center in Borrego Springs, California,[1] but has not worked since. Further, Plaintiff has neither a checking nor savings account, nor does he have any other valuable assets, instead relying primarily on his mother—with whom he lives—for support. Given the foregoing, the Court concludes that Plaintiff's application demonstrates he is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

## Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

---

[1] Plaintiff's affidavit states that his work at the Borrego Children's Center was in "Borrego Springs, CO 42008." There is no city named Borrego Springs in Colorado, nor is 42008 a valid zip code. *See USPS.com® - Zip Code™ Lookup*, USPS, https://tools.usps.com/go/ZipLookupResultsAction!input.action?resultMode=2&companyName=&address1=&address2=&city=&state=Select&urbanCode=&postalCode=42008&zip= (last visited Sept. 22, 2016). However, the Court is satisfied that this is merely a drafting error. (*Compare* Compl. ¶ 1 ("William T. Lenz is a competent adult residing . . . at Salton City, CA."), *with Salton City, CA to Borrego Springs, CA 92004*, GOOGLE, https://www.google.com/maps/dir/Salton+City,+CA/Borrego+Springs,+CA+92004/@33.2854859,-116.3210211,11z/data=!4m13!4m12!1m5!1m1!1s0x80da15c8c07263cd:0x325293c27ef97271!2m2!1d-115.9561112!2d33.2986497!1m5!1m1!1s0x80da27e08ebdcd71:0x94c2d4349c165292!2m2!1d-116.375012!2d33.2558717 (listing distance between Salton City, CA and Borrego Springs, CA as 29.7 miles) (last visited Sept. 22, 2016)).

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In social security appeals, a complaint challenging the denial of benefits "must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that the plaintiff is entitled to relief." *Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (collecting cases) (finding that the plaintiff failed to state a claim for relief where the complaint merely alleged that the Commissioner's decision to deny benefits was wrong without explaining why, and instead simply recited the general standards governing review of that decision).[2] "The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *3 (citing *Brown v. Astrue*, No. 11-cv-056-JL, 2011 WL 3664429, at *3 (D.N.H. Aug. 19, 2011)).

In the present case, Plaintiff appeals the Commissioner's decision denying Plaintiff's claim for disability benefits. (Compl. ¶ 9.) Plaintiff, however, merely claims that (1) he is, and at all times relevant to this action was, disabled, (*id.* ¶¶ 4, 5); (2) there was insufficient evidence to support the Commissioner's decisions below, (*id.* ¶¶ (9)(a)–(c)); and (3) there is new and material evidence that should be deemed admissible and would warrant remand to the SSA, (*id.* ¶¶ (9)(d)). These bare recitations are not enough to survive the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2). *See Harris v. Colvin*, No. SACV 14-0383-GW (RNB), 2014 WL 1095941, at *4 (C.D. Cal. Mar. 17, 2014) (concluding that the plaintiff had failed to state a claim for relief where the complaint did not specify why the ALJ's findings were not supported by substantial evidence or the reasons why the proper legal standards were not applied); *Montoya*, 2016 WL 890922, at

---

[2] The *Montoya* court listed the requirements for social security appeal complaints: (1) Plaintiff must establish that he has exhausted his administrative remedies pursuant to 42 U.S.C. § 405(g) and that the civil action commenced within 60 days after notice of final decision; (2) the complaint must list the judicial district in which the Plaintiff resides; (3) the complaint must state how Plaintiff is disabled and when Plaintiff became disabled; and (4) the complaint must contain a short and plain statement that identifies why the Plaintiff disagrees with the Commissioner's determination and show that the Plaintiff is entitled to relief. 2016 WL 890922, at *2.

*2 (dismissing for failure to state a claim under screening duty and explaining that "Plaintiff fails to state the nature of his disability or when it commenced, alleging only that '[Plaintiff] is, and at all times relevant to this action, disabled as that term is defined in the Social Security Act.' . . . . Moreover, Plaintiff alleges merely that the Commissioner's decision to deny her benefits was wrong without any indication as to why it was wrong other than a recitation of the general standards that govern this Court's review of that decision" (first alteration in original)).  The Court therefore finds that the Plaintiff has failed to state a claim for relief, as required by 28 U.S.C. § 1915(e)(2), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint.

## CONCLUSION

For the reasons stated above, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to § 1915(a), (ECF No. 3), and;

2. **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.  Plaintiff **MAY FILE** an amended complaint within <u>thirty days</u> of the date on which this Order is electronically docketed.  *Should Plaintiff fail to file an amended complaint within the time provided, the Court will enter a final order dismissing this civil action with prejudice.*

**IT IS SO ORDERED.**

Dated: October 3, 2016

Hon. Janis L. Sammartino
United States District Judge