UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM T. LENZ,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.: 16-CV-1755-JLS (PCL)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>(ECF No. 18) |

Presently before the Court is Magistrate Judge Peter C. Lewis's Report and Recommendation, ("R&R", ECF No. 18). Judge Lewis recommends the Court grant Plaintiff's Motion for Summary Judgment, deny Defendant's Motion for Summary Judgment, and remand the matter to the Social Security Administration for further proceedings. Having reviewed the Parties' motions, Judge Lewis's R&R, and the underlying Administrative Record, the Court **ADOPTS** Judge Lewis's Report and Recommendation in its entirety.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portion of the report to which

objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

## ANALYSIS

In the present case, neither party has timely filed objections to Magistrate Judge Lewis's R&R. (*See* R&R 31 (objections due by October 31, 2017).) Having reviewed the R&R, the Court finds that it is thorough, well-reasoned, and contains no clear error.

In this matter, the Administrative Law Judge ("ALJ") concluded Plaintiff is not disabled because he has the residual functional capacity to perform "light work" subject to certain limitations. (R&R 3.) In his R&R, Judge Lewis determined the ALJ erred in this decision. The Court agrees the ALJ's determination failed to address various professional opinions of treating and examining physicians regarding the type and severity of issues troubling Plaintiff's left leg and spine. (*Id.* at 22–23, 25.) The ALJ's determination did not address various doctors' opinions that contradict the ALJ's conclusion, let alone give "specific and legitimate" reasons for rejecting the opinions. (*Id.* at 28 (quoting *Marsh v. Colvin*, 792 F.3d 1170, 1172–73 (9th Cir. 2015).) The failure to do constitutes error. Furthermore, the Court agrees remanding for further proceedings is appropriate so that the Commissioner may evaluate Plaintiff's disability in light of all of the medical records before it. (*Id.* at 30.)

Accordingly, the Court hereby: (1) **ADOPTS** Magistrate Judge Lewis's Report and Recommendation; (2) **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES**

Defendant's Cross-Motion for Summary Judgment; and (3) **REMANDS** the case to the Social Security Administration for further proceedings. Because this concludes the litigation in this matter, the Clerk **SHALL** close the file.

    **IT IS SO ORDERED.**

Dated: November 20, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge